IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY AND KATHY YODERS,

      Plaintiffs,                            13cv0055
                                                  **ELECTRONICALLY FILED**

            v.

CITY OF WASHINGTON, RON
MCINTYRE, *Code Officer*, RON
MCINTYRE, *Individually*,

      Defendants.

## MEMORANDUM OPINION RE: DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT (DOC. NO. 10)

**I. Introduction**

Currently before the Court is Defendants, City of Washington ("Washington") and Ron McIntyre ("McIntyre") (collectively "Defendants'"), Motion to Dismiss or for a More Definite Statement. Doc. No. 10. Plaintiffs Gary and Kathy Yoders' Complaint alleges that Defendants unjustly used a condemnation proceeding to prevent Plaintiffs from using their property and, in doing so, Defendants wrongfully used a legal process and defamed Plaintiffs.

On January 10, 2013, Plaintiffs filed a Complaint in the United States District Court for the Western District of Pennsylvania. Doc. No. 1. Count I of the Complaint, "42 U.S.C. § 1983 Equal Protection banning Plaintiffs from use of their property and to be secure in their property," alleges that Defendants prevented Plaintiffs from the use, enjoyment, and security of their property, and in so doing violated 42 U.S.C. § 1983 and the 14th Amendment of the United States Constitution. Doc. No. 1, ¶¶ 31-38. Count II, "Wrongful use of the Legal Process," alleges that Defendants wrongfully used the legal process by threatening to arrest any party who entered Plaintiffs' property and for threatening to discontinue utility services to the property without due

process. Id. at ¶¶ 39-43. Count III, "Defamation," alleges that Defendants defamed Plaintiffs by publishing material falsehoods about the condition of their property, which harmed Plaintiffs' reputation. Id. at ¶¶ 44-48.

On June 3, 2013, Defendants filed a Motion to Dismiss and a Motion for a More Definite Statement. Doc. No. 10. First, Defendants argue that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiffs have not alleged that they have been deprived of any constitutionally protected rights, nor have Plaintiffs alleged any denial of any civil liberties during the condemnation proceedings.[1] Id. at ¶¶ 7-13. Next, Defendants argue that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6). Id. at ¶¶ 14-17. In the alternative, Defendants request this Court order Plaintiffs to file a more definite statement pursuant to Rule 12(e). Id. at ¶¶ 18-26.

For the reasons that follow, Defendants' Rule 12(b)(1) Motion to Dismiss will be **DENIED**, Defendants' Rule 12(b)(6) Motion to Dismiss will be **DENIED**, and Defendants' Rule 12(e) Motion for a More Definite Statement will be **DENIED**.

**II. Factual Background**

When reviewing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6) or a Motion for a More Definite Statement under Fed. R. Civ. P. 12(e), the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the Plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Taking Plaintiffs' factual allegations to be true solely for the purposes of this Memorandum Opinion, the facts of the case are as follows:

---

[1] Defendants also argue that Plaintiffs did not exhaust the available administrative remedies prior to commencing this suit.

2

Plaintiffs own property within the City of Washington, Pennsylvania, at 805 Addison Street, which was occupied by Plaintiffs' mother and tenant Robert Noble at the relevant time. Doc. No. 1, ¶¶ 1, 5. Plaintiffs have always kept their property in good repair. Id. at ¶ 24. While attempting to apprehend Noble at the property, City of Washington Police Officers kicked a wall and consequently broke and/or ruptured a water line, damaged a waste water trash (sewage) line, and damaged a block wall. Id. at ¶ 6.

On or about June 29, 2012, the Code Enforcement Officer, Ron McIntyre, posted the property for condemnation (because of the damage caused by the Officers), padlocked the premises, and called the Area Agency on Aging to have Plaintiffs' mother removed from the home. Id. at ¶ 7. Plaintiffs, "at some point," called McIntyre to request that Plaintiffs be permitted to enter the premises and make necessary repairs. Id. at ¶ 8. McIntyre answered by yelling that "no one could get a hold of [Plaintiffs] and where were they?" Id. McIntyre then stated that "nobody was getting into the property," and that Plaintiffs needed to arrange a "walk through." Id. Then, McIntyre hung up. Id.

Plaintiffs contacted McIntyre "the next day" to arrange a "walk through." Id. at ¶ 9. McIntyre yelled at Plaintiffs and ended the conversation by saying that "you'll be hearing from me." Id. Plaintiffs called McIntyre again on July 6, 2012, but did not receive a response. Id. at ¶ 10. Plaintiffs received notice to appear for a hearing scheduled for August 2, 2012. Id. Plaintiffs also received notice that McIntyre intended to discontinue the utilities, although the utilities remained operational. Id.

Plaintiffs appeared before a magistrate judge on August 2, 2012, for "not fixing the property." Id. at ¶ 11. At the hearing, McIntyre advised Plaintiffs to arrange a "walk through." Id. at ¶ 11. Plaintiffs attempted to contact McIntyre on August 10, 16, and 21, 2012. Id. at ¶ 12.

On August 21, 2012, McIntyre responded to Plaintiffs and stated that Robert Noble could not gain access to the property, and Plaintiffs should "call me back about a time for a 'walk through'" and then hung up. Id.

Plaintiffs' counsel contacted the City of Washington, by letter, about the property issues. Id. Following the receipt of that letter, McIntyre did not speak with Plaintiffs and stated that "[I] can only speak to [Plaintiffs'] attorney." Id. Plaintiffs attempted to contact McIntyre on October 5, 11, 18, and 23, 2012, but did not receive a response. Id. at ¶ 13. McIntyre did not respond to Plaintiffs' counsel. Id.

On November 8, 2012, Plaintiffs attended a second hearing before a magistrate judge because of "uncut grass and trash on the premises." Id. at ¶ 14. During the hearing, Plaintiffs asked about a "walk through," but McIntyre did not address the issue and told Plaintiffs to "have your lawyer call me." Id.

Plaintiffs were informed through various letters and postings that Plaintiffs, or other persons, would be arrested if they entered the property. Id. at ¶ 20. Plaintiffs were unable to gain access to their property, and were unable to sell or rent the property. Id. at ¶¶ 15, 23, 35. The City of Washington and McIntyre published notice of condemnation and demolition in the Washington County Observer, on the Internet, and at the property. Id. at ¶¶ 22, 23. Other properties that Plaintiffs believe are in worse condition and abandoned have not been "treated similarly" to Plaintiffs' property. Id. at ¶ 21.

### III. Standard of Review

**A. Rule 12(b)(1)**

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759

(W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack, as is the case here, challenges the sufficiency of the pleadings, and the Court must accept the Plaintiffs' allegations as true. *Id.* A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001) (Lancaster, J.). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

**B. Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563, n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563, n.8.

### C. Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides in pertinent part that, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response . . . ." "Typically, the court restricts the use of this motion to pleadings suffering from "unintelligibility rather than the want of detail." *Retzlaff v. Horace Mann Ins.*, 738 F.Supp.2d 564, 568-69 (D. Del. 2010) (quoting *United States. v. Bd. of Harbor Comm'rs*, 73 F.R.D. 460, 462 (D. Del. 1977)).

## IV. Discussion

### A. Rule 12(b)(1)

Defendants argue that Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(1) because Plaintiffs have not alleged that they have been deprived of any constitutionally protected rights, nor have Plaintiffs alleged any denial of any civil liberties during the condemnation proceedings. Doc. No. 10, ¶¶ 7-13.

Characterizing Defendants' argument as a facial attack and accepting Plaintiffs' allegations as true, this Court finds that it has subject matter jurisdiction to hear this case. As discussed more fully below, this Court finds that Plaintiffs have pled sufficient factual allegations to establish a claim for a violation of 42 U.S.C. § 1983. Plaintiffs' allegations support a legitimate claim and are not insubstantial or frivolous. Therefore, Defendants' Rule 12(b)(1) Motion to Dismiss will be denied.[2]

---

[2] Defendants also allege that Plaintiffs' Complaint should be dismissed for failure to exhaust the available administrative appeals procedures before a Board of Appeals, which would provide due process of law. However, in their Complaint, Plaintiffs allege that they were denied access to any administrative appeals process. Specificity Plaintiffs allege that McIntyre refused to respond to Plaintiffs and did not cooperate in scheduling a "walk through."

## B. Rule 12(b)(6)

Defendants' argument for dismissal of Plaintiffs' Complaint under Rule 12(b)(6) mirrors their argument for their Rule 12(b)(1) Motion. Doc. No. 10, ¶¶ 14-17. Pursuant to 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2000). Therefore, in order to establish a claim under Section 1983, a plaintiff must demonstrate that the conduct upon which his/her complaint is based has been committed under color of state or territorial law and that it operated to deny him/her a right or rights secured by the Constitution or laws of the United States. *McCarthy v. Eastburn & Gray, P.C.*, No. 08-CV-1011, 2009 WL 1812793, at *2 (E.D. Pa. June 24, 2009) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980); *Sameric Corp. v. City of Phila.,* 142 F.3d 582, 590 (3d Cir. 1998); *Moore v. Tartler,* 986 F.2d 682, 686 (3d Cir. 1993)).

Defendants do not dispute that McIntyre was acting in his official capacity as an agent of the state; therefore, only allegations concerning the deprivation of Plaintiffs' rights shall be discussed. Plaintiffs assert that Defendants violated Section 1983 by preventing Plaintiffs from the use, enjoyment, and security of their property. Doc. No. 1, ¶¶ 31-38.

Plaintiffs have adequately pled that access to the property in question has been restricted since McIntyre condemned the property in June 2012. Plaintiffs have been unable to access, use, lease, or sell, the property. Furthermore, Plaintiffs have extensively pled that they have attempted to contact McIntyre, on several occasions, to arrange a "walk through" on the property and repair the damage; however, McIntyre has not cooperated and dismissed Plaintiffs' requests,

which infringed on their rights as property owners. Finally, although Plaintiffs have not explained their alleged disparate treatment in great detail, the allegations are sufficiently reasonable to expect that discovery will reveal evidence necessary for the claim. Therefore, this Court finds that the allegations in the Complaint, when taken as true, create a reasonable inference that Plaintiffs are entitled to relief, and Defendants' 12(b)(6) Motion to Dismiss will be denied.

### C. Rule 12(e)

Defendants argue that this Court should grant Defendants' Rule 12(e) Motion for a More Definite Statement. Doc. No. 10, ¶¶ 18-26. For the reasons discussed above, this Court finds that the pleadings are intelligible and sufficient for this stage of the proceedings. Therefore, Defendants' Rule 12(e) Motion for a More Definite Statement will be denied.

## V. Conclusion

For the reasons discussed above, Defendants' Motion to Dismiss under 12(b)(1) will be **DENIED**, Motion to Dismiss under 12(b)(6) will be **DENIED**, and Motion for a More Definite Statement under 12(e) will be **DENIED**.

An appropriate Order follows.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties